UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JO ANN SAVAGE,

    Plaintiff,

v.                                          Case No: 5:24-cv-527-PRL

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

This cause is before the Court on Defendant's Unopposed Motion for Entry of Judgment with Reversal and Remand of the Cause to the Defendant ("Motion to Remand"). (Doc. 15). In the Motion to Remand, Defendant requests that the Court enter judgment reversing and remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (*Id*. at p. 1). Defendant represents to the Court that counsel for Plaintiff does not object to the relief requested (*id*. at p. 2), and such a disposition is clearly within the Court's authority, *see Shalala v. Schaefer*, 509 U.S. 292 (1993).

Pursuant to 42 U.S.C. § 405(g) of the Social Security Act, the Court has the authority to enter a judgment reversing the decision of the Commissioner with or without remanding the cause for a rehearing. *See* 42 U.S.C. § 405(g);[1] *Shalala*, 509 U.S. at 296-302. The failure of the ALJ to develop the record constitutes sufficient grounds for remand. *See Brissette v. Heckler*,

---

[1] Section 405(g) provides, in pertinent part, that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *See id*.

730 F.2d 548, 549-50 (8th Cir. 1984), *appeal after remand*, 613 F. Supp. 722 (E.D. Mo. 1985), *aff'd in part, rev'd in part*, 784 F.2d 864 (8th Cir. 1986). Where the court cannot discern the basis for the Commissioner's decision, a sentence four remand may be appropriate to allow him to explain the basis for his decision. *See Falcon v. Heckler*, 732 F.2d 827, 829-30 (11th Cir. 1984) (finding that remand was appropriate to allow the ALJ to explain the basis for his determination that the claimant's depression did not significantly affect her ability to work). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider the psychiatric report tendered to the Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (determining that the ALJ on remand should consider the need for an orthopedic evaluation).

Upon review of the record and filings, the undersigned agrees with the parties that it is appropriate to remand this matter to the Commissioner. Accordingly, it is ORDERED that:

(1) Defendant's Unopposed Motion for Entry of Judgment with Reversal and Remand of the Cause to the Defendant (Doc. 15) is **GRANTED**.

(2) This action is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g)[2] to the Commissioner for further administrative proceedings.

(3) The Clerk of the Court is directed to enter judgment accordingly and close the file.

---

[2] Remand pursuant to sentence four of 42 U.S.C. § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and terminates this Court's jurisdiction over this matter. *See Shalala*, 509 U.S. at 296-302.

**DONE** and **ORDERED** in Ocala, Florida on February 28, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties