**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

JO ANN SAVAGE,

    Plaintiff,

v.                                                                           Case No: 5:24-cv-527-PRL

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

### ORDER

This cause comes before the Court on Plaintiff's Unopposed Motion for Attorney's Fees ("Motion for Attorney's Fees") (Doc. 22) under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). In the Motion for Attorney's Fees, Plaintiff requests an award of attorney's fees in the amount of $3,859.46[1] (Doc. 22 at pp. 1-3, 5, 7, 10) pursuant to the EAJA, attaching a schedule of hours confirming her attorneys' time spent on the representation (15.3 hours total) (Doc. 22 at pp. 11-12). Plaintiff represents that Defendant has no objection to the requested relief. (Doc. 22 at p. 3).

Plaintiff contends that attorney's fees are authorized in this action because, having obtained a sentence four remand, she is a "prevailing party" in this litigation[2]; the Commissioner's position in the underlying action was not substantially justified; and her net worth did not exceed $2,000,000 when the complaint was filed.[3] (Doc. 22 at pp. 1-2, 5). In

---

[1] Plaintiff proceeded in forma pauperis (Doc. 6) and did not incur costs.
[2] *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993).
[3] Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special

this case, the Court reversed and remanded this action to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) on February 28, 2025. (Doc. 19). On March 4, 2025, the Clerk of Court entered judgment in favor of the Plaintiff. (Doc. 20). On April 25, 2025, Plaintiff filed the instant Unopposed Motion for Attorney's Fees (Doc. 22).

The Motion for Attorney's Fees included an executed Retainer Agreement between Plaintiff and her counsel, authorizing Plaintiff's assignment of EAJA fees to her counsel. (Doc. 22-1). In light of this assignment, the parties agree that payment of fees should be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff owes a federal debt. (Doc. 22 at p. 2). If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel. (Doc. 22 at p. 2).

Accordingly, upon due consideration, Plaintiff's Unopposed Motion for Attorney's Fees (Doc. 22) under the Equal Access to Justice Act is **GRANTED**. Plaintiff is awarded attorney's fees in the amount of **$3,859.46**. The payment of fees is authorized directly to Plaintiff's counsel if the Commissioner determines that Plaintiff does not owe a debt to the Government.

**DONE** and **ORDERED** in Ocala, Florida on May 1, 2025.

---

circumstances which would make the award of fees unjust. *See* 28 U.S.C. § 2412(d).

- 3 -

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties